UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL CASE NO. 24-27-DLB-CJS

PATRICIA ROBERTS                                                                                    PLAINTIFF

v.                         **MEMORANDUM OPINION AND ORDER**

LIFE INSURANCE COMPANY OF                                                              DEFENDANTS
NORTH AMERICA, et al.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motions to Dismiss Plaintiff's State-Law Claims and To Strike Demand for Jury Trial. (Docs. # 10 and 11). Plaintiff having filed her Response (Doc. # 19), and Defendants having filed their Replies (Docs. # 22 and 23), this matter is now ripe for review. For the following reasons, Defendants' Motions are **granted.**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This is the second such case filed by Plaintiff. *See Roberts v. Life Ins. Co. of N. Am.*, No. 2:23-cv-129-DCR (*Roberts I*) (E.D. Ky. 2023). In *Roberts I*, Plaintiff filed an action in the Boone Circuit Court alleging only state law claims relating to the denial of life insurance benefits under her policy issued by Defendant Life Insurance Company of North America ("LINA"). (*See Roberts I*, Doc. # 1-1). Plaintiff's current Complaint before the Court realleges those state law claims, adding the related ERISA claims as instructed by the Court in *Roberts I*.

1

Plaintiff Patricia Roberts purchased the LINA life insurance policy for herself and her husband through her employer, Defendant Madonna Manor.  Defendant CHI Living Communities ("CHI") is the parent company of Madonna Manor.  When Plaintiff's husband passed away in 2022, LINA paid Plaintiff a fraction of what she thought she was entitled to under the life insurance policy.  Subsequently, Plaintiff filed the action in *Roberts I*, alleging claims of breach of contract, violation of Kentucky's Unfair Claims Settlement Practices Act, unjust enrichment, negligence, misrepresentation, and promissory estoppel.  (*Roberts I*, Doc. # 1-1).

Defendants removed the matter to federal court, arguing that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., and therefore this Court has federal question jurisdiction over the case.  (*Id.*).  Defendants promptly moved to dismiss Plaintiff's state law claims on this basis.  (*Id.*, Docs. # 8 and 9).  Plaintiff filed a Motion to Remand, arguing that the insurance plan at issue is a "church plan," and therefore exempt from ERISA.  (*Id.*, Doc. # 10 at 9-10) (citing 29 U.S.C. § 1003(b)(2)).

Chief Judge Danny C. Reeves concluded the church plan exemption did not apply, and therefore Plaintiff's claims must be brought pursuant to ERISA.  (*Id.*, Doc. # 26). However, Plaintiff had not included ERISA claims in her original complaint, nor did she tender an amended complaint to the Court despite requesting leave to do so.  (*See id.*, Doc. # 16 at 26).  Chief Judge Reeves noted that "[g]ranting the requested relief would leave this matter in the odd position of being without an operative pleading and thus without a claim over which this Court could exercise jurisdiction" and therefore dismissed the case "without prejudice to [Plaintiff's] ability to file a new action asserting her claims

2

under ERISA." (*Id.*, Doc. # 26 at 11-12). Plaintiff moved for reconsideration, requesting the Court enter the amended complaint attached to her motion. (*Id.*, Doc. # 27). The Court denied this motion. (*Id.*, Doc. # 28).

On February 2, 2024, Plaintiff filed the instant action in Boone Circuit Court. (Doc. # 1-1). In her Complaint, Plaintiff alleged each of the same state law claims she had presented in *Roberts I* but added her ERISA claims and CHI as a third defendant. (Doc. # 1-1 ¶ 2; ¶¶ 37-68). On February 26, 2024, Defendants again removed the case to federal court, arguing that that the church plan exception does not apply and therefore the state law claims are preempted by ERISA. (Doc. # 1).

On March 4, 2024, Defendant NILA filed a Motion to Dismiss Plaintiff's state law claims and strike the demand for jury trial pursuant to ERISA. (Doc. # 10). Defendants Madonna Manor, Inc. and CHI Living Communities, Inc. also filed a Motion to Dismiss the state law claims and strike the demand for jury trial, adopting Defendant NILA's arguments. (Doc. # 11). Defendants argue Plaintiff's state law claims are precluded by the previous action, and therefore the state law claims and any requests for damages in connection with those claims should be dismissed. (Doc. # 10-1). In the alternative, Defendants argue the insurance policy is not subject to the "church plan" exemption and Plaintiff's state law claims are therefore preempted by ERISA. (*Id.*). Finally, Defendants argue Plaintiff is not entitled to a jury trial under ERISA and therefore requests the Court strike Plaintiff's jury demand pursuant to Federal Rules of Civil Procedure 12(f) and 39(a)(2). (*Id.*). Plaintiff filed her Response (Doc. # 19), and Defendants filed their Replies. (Docs. # 22 and 23). The Court will first consider Defendants' Motions to Dismiss Plaintiff's state law claims and then move to the Motions to Strike Plaintiff's jury demand.

3

## II.   ANALYSIS

### A.   Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's pleading must meet the plausibility standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In order to have "facial plausibility," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  This requires that the plaintiff plead sufficient factual matter to show it is entitled to relief under a viable legal theory.  *See Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 773 (6th Cir. 2014).  This Court accepts as true all factual allegations made by the Plaintiff in its Complaint and construes them in the light most favorable to Plaintiff as the non-moving party.  *See Left Fork Min. Co.,* 775 F.3d at 773.   The Court may consider matters of public record when considering a 12(b)(6) motion to dismiss.  *See Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023).

When a jury trial has been demanded under Rule 38, the action must be designated as such unless ". . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2). Additionally, under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

### B.   Discussion

#### 1.   *Motions to Dismiss Plaintiff's State Law Claims*

Defendants argue that Plaintiff's state law claims must be dismissed because dismissal of these claims was previously litigated in *Roberts I*.  (Doc. # 10-1 at 5).  In the

4

alternative, Defendants argue again that the Plaintiff's state law claims are preempted by ERISA. (*Id.* at 8). The issue central to Defendants' Motions, and the issue decided by Chief Judge Reeves in *Roberts I*, is whether ERISA's "church plan" exemption applies to the insurance policy in this case. Chief Judge Reeves held that it does not. (*Roberts I*, Doc. # 26). For the following reasons, relitigation of this issue is barred.

The doctrine of issue preclusion, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Georgia-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.,* 701 F.3d 1093, 1098 (6th Cir.2012) (quoting *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir.1990)). For litigation of an issue to be precluded, "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have *resulted in a final judgment on the merits*; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009) (citing *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987)) (emphasis in original). Plaintiff only challenges the third element: whether the prior proceeding resulted in a final judgment on the merits. (*See* Doc. # 19 at 14).

Plaintiff raises two arguments in support of her position that issue preclusion does not apply here. First, Plaintiff argues claim or issue preclusion do not attach because her previous complaint was dismissed without prejudice, and she was specifically directed to

5

refile her complaint. (Doc. # 19 at 14). Second, Plaintiff argues the Court in *Roberts I* never entered a "final judgment." (*Id.*). Both arguments are without merit.

First, dismissal of a case without prejudice is not on its own dispositive of whether the case resulted in a "final judgment on the merits" for purposes of issue preclusion. Rather, the relevant inquiry is whether the court "reached the merits of the issue in question". *See Hooker v. Fed. Election Comm'n*, 21 F. App'x 402, 405 n.2 (6th Cir. 2001). In *Roberts I*, the issue dispositive to the motions to dismiss, the issue briefed by the parties, and the issue decided by the Court was whether ERISA's church plan exemption applies to the insurance policy in this case. The Court's decision that it does not apply was a final decision on the merits as to the issue in question, albeit not a decision on the underlying merits of Plaintiff's suit. Issue preclusion may "preclud[e] a new adjudication of the question actually decided, although it does not bar the cause of action." *Id.* (quoting *Estevez v. Nabers,* 219 F.2d 321, 324 (5th Cir.1955) (internal quotations omitted).

Second, dismissal of *Roberts I* constituted a final judgment on the issue of whether the church plan exemption applies to Plaintiff's claims. This is a legal question, and no further amendments to the complaint would change this outcome. This renders the dismissal a final judgment. *See Azar v. Conley*, 480 F.2d 220, 223 (6th Cir. 1973) (distinguishing between dismissal of an action and dismissal of a complaint that may "saved by amendment"). Additionally, "[w]here the district court dismisses an *action* without prejudice, . . . the order is final and appealable." *Robert N. Clemens Tr. v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007) (quoting *Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir.2001)).

6

Here, Chief Judge Reeves dismissed the entirety of the action and specifically stated that *Roberts I* was dismissed without prejudice "to [Plaintiff's] ability to file a new action *asserting her claims under ERISA.*" *Roberts v. Life Ins. Co. of N. Am.*, No. 2:23-cv-129-DCR, 2023 WL 8812869, at *5 (E.D. Ky. Dec. 20, 2023) (emphasis added). It logically follows that the dismissal of Plaintiff's state law claims was with prejudice. As noted by the Defendants, the parties "litigated the ERISA [preemption] issue to conclusion." (Doc. # 19 at 5). Chief Judge Reeves' Order confirms that. Had Plaintiff properly tendered her amended complaint in the original action, *Roberts I* would have continued under *only* the ERISA claims. Plaintiff cannot have another bite at the apple just because she made a procedural error in the initial case. Therefore, the Motions to Dismiss Plaintiff's state law claims are **granted**. Plaintiff's state law claims and any requests for damages arising from those claims are **dismissed**.

### 2. Motions to Strike Jury Demand

Plaintiff brings her ERISA claims under 29 U.S.C. §§1132(a)(1)(B) and (a)(3) to "enforce the contractual terms of the life insurance policy, to obtain past benefits, to obtain interest, to obtain declaratory relief, and to obtain other appropriate equitable relief." (Doc. # 1-1 at 13). The Sixth Circuit has repeatedly affirmed that because these claims are equitable in nature, "in actions for recovery of benefits under section 502 [29 U.S.C. § 1132], 'there is no right to a jury trial.'" *Bair v. Gen. Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990) (quoting *Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir.1988)). Plaintiff does not dispute this in her Response. Therefore, the Motion to Strike Demand for Jury Trial is **granted**.

7

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Defendants' Motions to Dismiss Plaintiff's State Law Claims and Strike Demand for Jury Trial (Docs. # 10 and 11) are **GRANTED** and Plaintiff's state law claims are hereby **DISMISSED**.  Plaintiff may proceed on her ERISA claims only.

(2) The Jury Demand is **STRICKEN** from the Complaint; and

(3) An Order for Meeting and Report will be filed herewith.

This 13th day of June, 2024

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-27 MOO re MTD.docx